J. R. JONES v. THE WESTERN NORTH CAROLINA RAILROAD COM-PANY.

### *Railroads—Fences—Negligence.*

There is no requirement at common law, and no statute in the State, obliging railroad companies to fence their tracks.   So, where in constructing a rail-road, a portion of the plaintiff's pasture fence was removed, and a cut about eight feet deep was made where the fence had been, into which the plaintiff's horse fell and was killed; *It was held*, that the railroad company was not lia-ble.

(*Railroad Co. v. Wicker*, 74 N. C., 220 ; *Fredle* v. *The Railroad Co.*, 4 Jones, 89, cited and approved).

This was a CIVIL ACTION, tried before *Avery, Judge*, at August Term, 1886, of the Superior Court of BUNCOMBE county.

The action was brought to recover the value of a horse.   The testimony offered by the plaintiff, tended to show that the de-fendant company had completed its road, in accordance with its charter, through the land of defendant, and in making a cut through a hill on said land, had cut off an angle of plaintiff's fence that surrounded his pasture field, including several panels of fence, and leaving the ends of the fence not destroyed, jutting against the cut, the banks of which were left to serve the pur-

pose of a fence, for a distance of twenty yards, the bank being along the whole of the distance between the ends of the fence, from ten to eighteen feet high ; that the defendant had finished and was running and operating the road through said lot, but had not erected any fence along the margin of the cut.

The plaintiff offered testimony further to show, that he owned a black mare, worth fifty dollars ; that the mare was blind in one eye and moon-eyed in the other eye ; that plaintiff turned the mare into said pasture about four months before the action was brought, and the mare stepped over the bank and fell into the cut and her neck was broken, so that she was killed by the fall.

The plaintiff contended, that the defendant company had destroyed a portion of his fence, and was guilty of negligence in failing to replace it, or construct a fence along the margin of the cut, and asked that the jury be so instructed.

The Court instructed the jury, that in any view of the case arising out of the testimony, the plaintiff was not entitled to recover, and that they should find all issues in favor of the defendant.     Plaintiff excepted to instructions given and instruction refused.     Verdict for defendant.     Motion for new trial refused. Appeal.

No counsel for the plaintiff.
*Mr. C. A. Moore*, for the defendant.

ASHE, J. (after stating the facts).    The plaintiff seeks to recover damages from the defendant, upon the ground that the defendant, in constructing its road through his land, excavated a cut from ten to eighteen feet deep, and failed to fence it up, in consequence of which the plaintiff's mare, blind in one eye and sore-eyed in the other, fell into it and broke her neck.

The sole question presented in this case is, whether a railroad company is bound to fence the excavations made in the construction of its road, so as to prevent horses and cattle from falling

into them. A railroad company, at common law, is under no obligation to fence its road. The matter of fencing their lines by railroad companies, is wholly one of statute regulation. In the absence of a statute requiring it, there is no duty to maintain fences. *Campbell* v. *New York and New England Railroad Co.*, 50 Con., 128.

The same doctrine is laid down by Wood, in his work on Railway Law, vol. 3, p. 1543, where it is said : "A railway company, at the common law, is under no other or different obligation respecting the premises occupied by it, than any other owner or occupant of real estate, and unless so required by statute, it is under no obligation to fence its track ; and as the owner of adjoining lands is bound to restrain his cattle, it is not liable for cattle killed or injured upon its track, simply because it had omitted to erect fences or other barriers to prevent them from getting there ; and consequently, in such cases, a railroad company is only liable for injuries to cattle upon its track, which result from its negligence."

In this State, we have no statute which requires railway companies to fence their roads.

In the assessment of damages against railway companies, when land is condemned to the use of the road, the costs of fencing is held to be an element in the measure of damages to the owner of the land. *Railroad Co.* v. *Wicker*, 74 N. C., 220, and *Fredle* v. *North Carolina Railroad Co.*, 4 Jones Law, 89.

The plaintiff has no cause of action against the defendant. It was his own folly to have turned his mare into an enclosure where it was liable to fall into such an excavation.

No error.                                        Affirmed.